UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

HALCYON ISAAC,

                Plaintiff,

        v.

BREON S. PEACE,

                Defendant.

**MEMORANDUM & ORDER**
23-CV-6275

**HECTOR GONZALEZ**, United States District Judge:

    Plaintiff Halcyon Isaac has filed a *pro se* motion for an order to show cause for a preliminary injunction and temporary restraining order seeking to enjoin her pending eviction from a property in Kings County, New York. Although this case is assigned to Judge Morrison, Plaintiff's motion was presented to this Court pursuant to the District's miscellaneous duty schedule. For the reasons set forth below, the motion is denied.

## BACKGROUND

    Plaintiff filed a complaint against the United States Attorney for the Eastern District of New York, Breon Peace, in the Supreme Court of the State of New York in Kings County on April 4, 2023 (the "Complaint"). ECF No. 1-2 at 1 (State Court Complaint). In the Complaint, which is directed against Defendant Peace, "all United States Attorneys," and the "United States Post Master General, et al," Plaintiff references the statutory duties of United States Attorneys and claims "the referenced parties are still engaging in fraudulent activities" and are "liable for tort claims." *Id.* at 2.

    The Complaint does not provide further detail concerning Defendant's alleged conduct, tortious or otherwise, but includes numerous filings and documents relating to a proceeding in the Housing Part of the Civil Court of the City of New York in Kings County. *See, e.g.*, ECF

No. 1-2 at 17–30. Many of the documents appended to the Complaint concern the ownership and occupancy of a second-floor apartment of a building located at 326 East 92nd Street, Brooklyn, NY 11212 (the "Apartment"). From the documents alone, without elaboration on each document's relevance, it is difficult to discern the procedural history and current status of the housing court matter and the current ownership and occupancy of the Apartment. As far as the Court can tell, Plaintiff alleges that she has been wrongfully ordered evicted in an ongoing housing court proceeding and that she is a lawful occupant and the rightful owner of the Apartment. ECF No. 1-2 at 8, 14.

On August 21, 2023, Defendant removed this matter from state court. ECF No. 1 at 1. In the notice of removal, Defendant avers that he did not receive notice of the action until July 27, 2023, and that removal is proper pursuant to 28 U.S.C. § 1442(a)(1). Defendant sought and received an extension of time to respond to the Complaint until December 4, 2023. ECF No. 7.

On October 10, 2023, Plaintiff filed the instant motion for an order to show cause for preliminary injunction and temporary restraining order. ECF No. 8 (the "Motion"). In the Motion, Plaintiff seeks to enjoin Defendant and non-party Salvatore Giglio from "changing the locks on [her] door and/or evicting [her] from [her] property." ECF No. 8 at 1. Plaintiff asks that Defendant be temporarily enjoined from "executing the eviction scheduled for October 12, 2023, pending resolution" of this matter. *Id.* Plaintiff further alleges that she has been locked out of the Apartment since September 12, 2023, and asks to be granted access to the Apartment until the matter is resolved. *Id.* at 4.

In a written explanation filed in support of the Motion and documents appended to the Motion, Plaintiff provides additional detail concerning her claim of ownership of the Apartment. She claims that various official documents concerning the Property, like recorded deeds,

demonstrate that she is the rightful owner; that she was not provided with due process by Jenkai Gao, the new purported owner who obtained an order of eviction against her in housing court; and that the housing court proceeding was flawed because it was filed against "John Doe" and "Jane Doe" rather than against Plaintiff. *Id.* at 3–4, 9.

## LEGAL STANDARD

A preliminary injunction is an "extraordinary and drastic remedy" that should only be granted when "the movant, by a clear showing, carries the burden of persuasion." *Sussman v. Crawford*, 488 F.3d 136, 139 (2d Cir. 2007). "The standards for granting a TRO are the same as those governing preliminary injunctions." *Javino v. Pergament*, No. 13-cv-1951, 2013 WL 1952639, at *1 (E.D.N.Y. May 10, 2013). A party seeking injunctive relief through either a temporary restraining order or a preliminary injunction must "establish (1) irreparable harm; (2) either (a) a likelihood of success on the merits, or (b) sufficiently serious questions going to the merits of its claims to make them fair ground for litigation, plus a balance of the hardships tipping decidedly in favor of the moving party; and (3) that a preliminary injunction is in the public interest." *Conn. State Police Union v. Rovella*, 36 F.4th 54, 62 (2d Cir. 2022).[1] Since Plaintiff filed her motion for a TRO and PI *pro se*, her papers "must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

## DISCUSSION

The Court must deny the Motion because the relief Plaintiff seeks—an injunction against a state court eviction proceeding—is barred by the Anti-Injunction Act (the "Act"). The Act

---

[1] Unless noted, case law quotations in this order accept all alterations and omit internal quotation marks, citations, and footnotes.

provides that "[a] court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. "Th[e] Act presents an absolute ban on enjoining any state court proceeding, unless the facts of the case bring the matter within one of the three narrowly construed exceptions." *Sinisgallo v. Town of Islip Hous. Auth.*, 865 F. Supp. 2d 307, 317 (E.D.N.Y. 2012). In this Circuit, courts have repeatedly held that the Act applies to state-court eviction proceedings where, as here, the plaintiff seeks relief from a pending scheduled eviction. *See Watkins v. Ceasar*, 88 F. App'x 458, 459 (2d Cir. 2004) (upholding denial of injunctive relief against state court eviction proceeding under the Act); *Gomez v. Yisroel*, No. 21-cv-2172, 2021 WL 2138462, at *4 (S.D.N.Y. May 26, 2021) (denying injunctive relief against execution of warrant of eviction issued by state court); *see also Robbins v. Bank of Am., Nat'l Ass'n*, No. 22-cv-07648, 2023 WL 5956496, at *4 (E.D.N.Y. Sept. 13, 2023) (denying injunctive relief against state court eviction proceeding).

The Motion is denied on the separate ground that Plaintiff has not established a likelihood of success on the merits or sufficiently serious questions to the merits of her claims to make them fair ground for litigation. *Conn. State Police Union*, 36 F.4th at 62.[2] As pled in the Complaint, Plaintiff does not articulate a viable cause of action against the only party Plaintiff has sued—United States Attorney Peace. Though the Complaint generally accuses Defendant of "engaging in fraudulent activities" and alleges Peace is "liable for tort claims," the Complaint contains no factual allegations relating to Peace or any other federal official. There is no apparent nexus

---

[2] Because "the standards for granting a TRO are the same as those governing preliminary injunctions," this order analyzes Plaintiff's entitlement to both forms of relief. *Javino*, 2013 WL 1952639, at *1.

between the harm of which Plaintiff complains and any act or omission by Peace.  Accordingly, Plaintiff cannot demonstrate a likelihood of success on the merits of her claim.

## CONCLUSION

For the reasons set forth above, the Court DENIES Plaintiff's motion for a temporary restraining order or for any other injunctive relief.  The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore denies Plaintiff *in forma pauperis* status for the purpose of any appeal.  *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).  The Court respectfully directs the Clerk of Court to mail a copy of this order to the *pro se* Plaintiff, and the Court's staff is contemporaneously sending this order to the email address provided in Plaintiff's complaint through the District's electronic case filing system.

SO ORDERED.

/s/ Hector Gonzalez
HECTOR GONZALEZ
United States District Judge

Dated: Brooklyn, New York
October 11, 2023