UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

Halcyon Isaac,

               Plaintiff,

     v.

Breon S. Peace,

               Defendant.

23-cv-06275 (NRM) (LB)

**MEMORANDUM AND ORDER**

NINA R. MORRISON, United States District Judge:

    Plaintiff Halcyon Issac filed a *pro se* complaint against Defendant Breon S. Peace, the United States Attorney for the Eastern District of New York, in the Supreme Court of the State of New York in Kings County on April 4, 2023. Compl. 1, ECF No. 1-2 (the "Complaint"). Plaintiff alleges that Defendant engaged in fraudulent activities and tortious conduct. *Id.* The case was removed to federal court on August 21, 2023. Notice of Removal, ECF No. 1.

    On October 19, 2023, Defendant filed a motion to dismiss. Mot. to Dismiss, ECF No. 15. Although Defendant served Plaintiff with its motion by mail, Ltr to Pl., ECF No. 15-3, Plaintiff did not respond. The Court will therefore treat Defendant's motion to dismiss as unopposed.

    For the reasons that follow, the Complaint is dismissed for failure to state a claim upon which relief can be granted.

## **STANDARD OF REVIEW**

A complaint may be dismissed for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678.

At the motion to dismiss stage, "a *pro se* plaintiff's complaint 'must be construed liberally with "special solicitude" and interpreted to raise the strongest claims that it suggests.'" *Guillaume v. Ocwen Loan Servicing, LLC*, No. 17-cv-7187 (WFK) (LB), 2019 WL 8645386, at *1 (E.D.N.Y. Dec. 17, 2019) (quoting *Hogan v. Fischer*, 738 F.3d 509, 515 (2d Cir. 2013)). If "a liberal reading of the complaint gives any indication that a valid claim might be stated," the court must grant leave to amend the complaint. *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Nonetheless, a *pro se* plaintiff's "'bald assertions and conclusions of law' are not adequate" to withstand a motion to dismiss. *Wilson v. Family Dollar Stores*, No. 06-cv-639, 2007 WL 952066, at *9 (E.D.N.Y. Mar. 29, 2007)).

## **DISCUSSION**

Upon careful review of the record, construing all factual allegations in the Complaint in the light most favorable to Plaintiff and construing Plaintiff's claims liberally, the Court finds that the Complaint fails to state a claim upon which relief can be granted. *See Iqbal*, 556 U.S. at 678.

The Complaint arises from a dispute regarding the ownership and occupation of a property located at 326 East 92nd Street, Brooklyn, NY 11212. *See* Compl. at 17–30. In the Complaint, styled as a "Notice of Intentional Tort," Plaintiff references the statutory duties of United States Attorneys under 28 U.S.C. § 547 and claims that "the referenced parties are still engaging in fraudulent activities" and are "liable for tort claims." Compl. at 2. The Complaint, however, does not contain any details concerning Defendant's alleged conduct, tortious or otherwise. Even giving the most liberal construction to the Complaint, the Court cannot discern any connection between the harm of which Plaintiff complains and any act or omission by Defendant, who is the United States Attorney for the Eastern District of New York. Nor can the Court determine any other cause of action that Plaintiff seeks to present to this Court. In sum, the Complaint does not articulate a viable cause of action against the only party Plaintiff has sued – United States Attorney Breon Peace.

Accordingly, Defendant's unopposed motion to dismiss is granted and the Complaint must be dismissed for failure to state a claim. *See Walker v. Real Life Church*, No. 22-cv-4455, 2022 WL 3358088, at *1 (E.D.N.Y. Aug. 15, 2022) (dismissing *pro se* complaint where the court could not discern what cognizable harm the plaintiff

suffered). Because the Court grants the motion for failure to state a claim under Fed. R. Civ. P. 12(b)(6), it does not address the other grounds for dismissal asserted in Defendant's motion.

Generally, a court should not dismiss a *pro se* complaint "without [the Court] granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010) (alteration in original) (quoting *Branum v. Clark*, 927 F.2d 698, 705 (2d Cir. 1991)). In light of its duty to liberally construe *pro se* complaints, the Court has considered whether to grant Plaintiff leave to amend the Complaint but finds that amendment would be futile. *See Middleton v. United States*, No. 10-cv-6057, 2011 WL 7164452, at *4 (E.D.N.Y. June 28, 2011) (citing *Salahuddin v. Cuomo*, 861 F.2d 40, 42–43 (2d Cir. 1988)) (finding that complaints that are frivolous on their face may be dismissed without granting leave to amend), *report and recommendation adopted*, 2012 WL 394559 (E.D.N.Y. Feb. 7, 2012).

## CONCLUSION

For the reasons set forth above, the Complaint, filed *pro se*, is dismissed in its entirety without leave to renew pursuant to Fed. R. Civ. P. 12(b)(6). The Clerk of Court is respectfully directed to close the case.

SO ORDERED.

/s/NRM
NINA R. MORRISON
United States District Judge

Dated: September 30, 2024
       Brooklyn, New York